IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

STEPHEN GINO LUCERO,

      Plaintiff,                     No. CIV S-10-3391 CMK (TEMP)

   vs.

HOME DEPOT USA, INC, et al.,

      Defendants.               <u>ORDER</u>

                        /

         Plaintiff is a state prisoner proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. Plaintiff has consented to the magistrate judge's jurisdiction pursuant to 28 U.S.C. § 636( c ).

         The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

         A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

1

Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

In order to avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007).  In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice."  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).  Furthermore, a claim upon which the court can grant relief has facial plausibility.  Twombly, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 129 S. Ct. at 1949.  When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, Erickson v. Pardus, 551 U.S. 89, 94 (2007), and construe the complaint in the light most favorable to the plaintiff, see Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

Plaintiff has alleged violations of his constitutional rights by employees and agents of Home Depot USA, Inc.  42 U.S.C. § 1983 confers the statutory right to bring a civil action for an alleged violation of a constitutional right, but only against a defendant who was acting under color of state law at the time he committed the alleged violation.  42 U.S.C. § 1983; see West v. Atkins, 487 U.S. 42, 48 (1988).  The complaint's statement that all defendants were "agents under the employ of, and acting under the direct interests of... Home Depot" disqualifies this case from federal jurisdiction under § 1983.  Therefore the complaint will be dismissed and this case closed.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's requests for leave to proceed in forma pauperis is denied.

2. Plaintiff's complaint is dismissed without prejudice for lack of subject matter jurisdiction.

3. This case is closed.

DATED: April 27, 2011

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE

hm
luce3391.screen

3